UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARTHA C. HARRIS,** *Estate of*, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) Case No. 2:23-cv-173-AMM |
| **WELLS FARGO BANK, N.A.,** *et al.*, | ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This case is before the court on a motion to dismiss filed by Standard Guaranty Insurance Company ("Standard"), Doc. 9, a motion for summary judgment filed by Crawford & Company ("Crawford"), Doc. 11, and a motion for summary judgment filed by Wells Fargo Bank, N.A. ("Wells Fargo"), Doc. 18. For the reasons explained below, those motions are **GRANTED**.

**I.    BACKGROUND**

Roderick Harris, proceeding *pro se*, filed this lawsuit against Standard, Crawford, and Wells Fargo on his own behalf and on behalf of the Estate of Martha C. Harris ("the Estate") on February 10, 2023.[1] Doc. 1 at 1–9. The plaintiffs allege

---

[1] The Estate is the only party listed in the caption, but captions "are not determinative as to the parties to the action." *Lundgren v. McDaniel*, 814 F.2d 600, 604 n.2 (11th Cir. 1987). "[A] pro se complaint may state a claim against individuals

that "on February 12, 2021, the Defendants were ordered by Mediator/Judge Blackburn to transfer land and personal property . . . to [the Estate], but they neglected to do so." *Id.* at 8 (emphasis omitted).

The plaintiffs allege that "[o]n February 3, 2023, the City of Center Point, Alabama[,] held a hearing to discuss the demolition/destruction of [plaintiffs'] home and personal property . . . despite objections and requests for postponement." *Id.* The plaintiffs allege that Center Point's city attorney stated that the Estate "has no legal rights to the land and personal property and [it] cannot request injunctive relief[] because the Defendants and the lien holders are the owners of the property." *Id.* The plaintiffs assert that "the Defendants are on court record (2:20-CV-335-SLB) stating they have a settlement agreement contract with [the Estate] and they would return land and personal property to Plaintiff in 2021, but they have not honored their contract as of this date." *Id.*

Therefore, the plaintiffs filed this lawsuit "to persuade Defendants to honor their contract agreement and to secure the return of all property and compensation." *Id.* The plaintiffs assert apparent claims of breach of contract, bad faith, civil conspiracy, and fraud. *See id.* And the plaintiffs contend that because "[t]he

---

or entities who are identified in the body of it and whose wrongful conduct is alleged there, even if they are not named in the caption." *Rizk v. Seminole Cnty. Sheriffs Dep't*, 857 F. App'x 619, 620 (11th Cir. 2021). Because Mr. Harris contends that the defendants caused harm to both he and the Estate, the court treats both as plaintiffs.

Defendants caused damages to property own[ed] by the Estate . . . and [Mr.] Harris separately[,] . . . they are expected to provide compensation to the Estate . . . and [Mr.] Harris separately." *Id.* The plaintiffs seek "ten million dollars in compensatory and punitive damages." *Id.*

The defendants contend that Mr. Harris and the Estate are attempting to relitigate previously settled claims. *See, e.g.*, Doc. 9 at 1–2. According to the defendants, this matter "was settled in full with the agreement of all parties . . . [and] this Court enforced the Settlement Agreement on February 12, 2021."[2] *Id.* at 2 (citing Doc. 9-1). As evidence of this agreement, the defendants submitted a memorandum opinion and an accompanying order authored by District Judge Sharon Blackburn, Doc. 9-1, granting the defendants' motion to enforce the settlement agreement and dismissing the Estate's case against the defendants with prejudice. *See also* Docs. 11-2, 11-3, 11-9 at 36–50 (same).

Judge Blackburn's memorandum opinion contains an exchange between the parties in open court regarding the settlement agreement.

> THE COURT: All right. Anything else that you would like to put on the record?
>
> Mr. Harris, is there anything you would like to put on the record? Are the terms as stated your understanding of the settlement in this case?

---

[2] The settlement agreement in the prior lawsuit was filed under seal. Doc. 71, *Estate of Martha C. Harris v. Standard Guaranty Ins. Co.*, 2:20-cv-335-SLB (N.D. Ala. 2021).

3

MR. HARRIS: Yes.

THE COURT: And, obviously, after all of this has been accomplished and the settlement agreements have been signed and checks delivered, Mr. Harris, you will file—need to file a motion to dismiss this case and all claims with prejudice. And what that means is you can't ever bring any claims related to this matter again in any form, in any other court. And one thing I think—I'm not sure we said it—this claim encompassed—I mean this settlement encompasses any claims that might relate to the vehicles and the other equipment that was on your property that was picked up by—I forget the name of the company—Precise or—by a towing company and sold. This settlement encompasses any claims you might have for conversion or anything related to that, to those items, any other vehicles, anything. Do you understand that?

MR. HARRIS: Yes, ma'am.

. . .

MR. MANLEY [attorney for Wells Fargo]: So Mr. Voss just pointed out that Mr. Harris is not a party to the lawsuit. He's—the estate is the party, and he's brought the lawsuit on behalf of the estate as the representative of the estate. And my point was: He would need to sign the settlement agreement, both on behalf of the estate and on behalf of himself due to the removal of the equipment from the property and resolving all those claims.

MR. VOSS [attorney for Mr. Harris during the mediation]: And in fairness to the defendants, I wanted to bring that up and make that point abundantly clear that he understands that he is releasing his individual claims. You understand that, right?

MR. HARRIS: Yes.

MR. VOSS: And you are releasing—

THE COURT: And Mr. Harris said yes. I'm not sure if you could hear that. Go ahead.

4

    MR. VOSS: And you are releasing all of the claims that the estate has?

    MR. HARRIS: Yes.

Doc. 9-1 at 4–5.

    Mr. Harris later refused to sign the settlement agreement "setting forth the agreement reached at mediation." *Id.* at 5. The court held "that Mr. Harris clearly understood the terms of the settlement agreement reached at mediation" and "that the Defendants had not breached the agreement." *Id.* at 8. Therefore, the court granted the defendants' motion to enforce the settlement and dismissed the Estate's case with prejudice.[3] *Id.* at 10–12.

    Citing the settlement agreement, Standard filed a motion to dismiss this case, Doc. 9, and Crawford and Wells Fargo filed motions for summary judgment, Docs. 11, 18. All defendants directed the court to evidence—either in the record of the settled case or presented in filings in this case—that they complied with the terms of the settlement. *See* Docs. 79–81, *Estate of Martha C. Harris v. Standard Guaranty Ins. Co.*, 2:20-cv-335-SLB (N.D. Ala. 2021) (Standard); Docs. 11-4 to 11-5 (Crawford); Doc. 82, *Harris*, 2:20-cv-335-SLB (Crawford); Doc. 18-4 (Wells Fargo). Although the Estate and Mr. Harris argue that neither plaintiff received any

---

[3] The court ordered the defendants to "remove all but the first sentence of . . . the indemnity provision . . . of the proposed confidential settlement agreement and release," which is not at issue in this case. Doc. 9-1 at 10–11.

compensation, Doc. 14 ¶ 11, neither the Estate nor Mr. Harris produced any evidence to support that assertion.

On February 6, 2024, the court informed the parties that it "intend[ed] to convert Standard's motion to dismiss to a motion for summary judgment." Doc. 25 at 1. It gave the parties fourteen days "to submit any relevant evidence and argument in support or opposition." *Id.* (quoting *Marine Coatings of Ala., Inc. v. United States*, 792 F.2d 1565, 1568 (11th Cir. 1986)). Standard submitted evidence of the settlement and its compliance with its terms. *See* Doc. 26. Mr. Harris did not submit any evidence, but he filed an opposition brief. Doc. 28.

The motions are fully briefed. Docs. 9, 11, 12, 14–22, 24, 26, 28.

## II.   LEGAL STANDARD

A party moving for summary judgment must establish "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could "affect the outcome" of the case. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1303 (11th Cir. 2016) (cleaned up). A material fact is in "genuine" dispute if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (cleaned up). In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 249 (1986). "[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (cleaned up).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, courts require *pro se* litigants "to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (cleaned up).

### III.   ANALYSIS

All defendants have provided evidence that the settlement agreement is enforceable, *e.g.*, Doc. 11-2, that Mr. Harris and the Estate released the defendants from all possible claims related to the matter, *id.* at 4–5, and that the defendants complied with the terms of the settlement agreement, See Docs. 79–81, *Estate of Martha C. Harris*, 2:20-cv-335-SLB (N.D. Ala. 2021) (Standard); Docs. 11-4 to 11-5 (Crawford); Doc. 82, *Estate of Martha C. Harris*, 2:20-cv-335-SLB (Crawford); Doc. 18-4 (Wells Fargo).

Although Mr. Harris alleges that he has not received compensation from the settlement agreement, Doc. 14 ¶ 11, Mr. Harris has failed to provide any evidence to support that assertion. Instead, Mr. Harris argues that the settlement agreement is unsigned, that it is unconscionable, that it violates various provisions of the Alabama

7

Code, and that the mediation was improper. *See* Docs. 15-1 (Settlement Agreement) & 15-2 (Estate's Motion Opposing Enforcement of Settlement Agreement in *Estate of Martha C. Harris*, 2:20-cv-0335-SLB).

Neither Mr. Harris nor the Estate appealed Judge Blackburn's order granting the defendants' motion to enforce the settlement. Accordingly, Mr. Harris and the Estate cannot now challenge the settlement process or the settlement agreement.

Assuming *arguendo* that Mr. Harris could challenge the validity or enforceability of the settlement agreement, that challenge would fail. Under Alabama law, courts construe settlement agreements as a contract, *Jones v. Bullington*, 401 So. 2d 740, 741 (Ala. 1981), and "[i]t is well settled that whether parties have entered a contract is determined by reference to the reasonable meaning of the parties' external and objective actions." *SGB Constr. Servs., Inc. v. Ray Sumlin Constr. Co.*, 644 So. 2d 892, 895 (Ala. 1994).

Judge Blackburn correctly reasoned that Mr. Harris's actions manifested his and the Estate's assent to the terms of the settlement agreement. "[T]he court . . . explained that Mr. Harris was waiving all claims related to this matter—including claims related to any vehicles or other property—and Mr. Harris stated that he understood." Doc. 11-2 at 9. And "Mr. Harris confirmed on the record that he understood that he was releasing all of his claims and all claims on behalf of the estate." *Id.* These actions—namely, the multiple confirmations on the record that

8

Mr. Harris understood and agreed to the terms of the settlement—demonstrated objective assent to its terms.

In the light of those objective manifestations of assent, it is irrelevant that Mr. Harris alleges that he did not sign the settlement agreement. "Unless required by a statute to be in writing, a contract does not have to be signed to be enforceable, so long as it is accepted and acted upon." *Lanier Worldwide, Inc. v. Clouse*, 875 So. 2d 292, 296 (Ala. 2003). None of the statutes that Mr. Harris or the Estate cites command a different result. And to the extent that the requirement that conveyances of land be in writing applies to Wells Fargo's quitclaiming of property, Ala. Code § 35-4-20, that conveyance is in writing and is signed by the conveying party. *See* Doc. 18-4.

Mr. Harris and the Estate further contend that the mediation was improper and that there should not have been a record made of the mediation proceedings. *See* Doc. 14 at 3. No record was made of the substance of the negotiations during the mediation proceedings. The court put the terms of the settlement and Mr. Harris and the Estate's assent to those terms on the record after the mediation proceedings had concluded.

Mr. Harris and the Estate agreed to the settlement agreement, which released and barred future claims against these defendants arising from the factual basis for the first lawsuit. The defendants have provided uncontroverted evidence that this

9

settlement agreement is enforceable, and that they complied with its terms. Mr. Harris and the Estate have not provided any evidence to the contrary. Accordingly, there is no genuine issue of material fact and summary judgment is **GRANTED** in favor of the defendants.

## IV. CONCLUSION

Standard's, Doc. 9, Crawford's, Doc. 11, and Wells Fargo's, Doc. 18, motions for summary judgment are **GRANTED**. The Estate and Mr. Harris's motions for a hearing, Docs. 23 and 27, are **DENIED as MOOT**. The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** this 14th day of March, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE